Stuart J. Miller (admitted pro hac vice)
**LANKENAU & MILLER, LLP**
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122
stuart@lankmill.com

Mary E. Olsen (admitted pro hac vice)
**THE GARDNER FIRM, PC**
182 St. Francis Street, Suite 103
Mobile, AL 36602
P: (251) 433-8100F: (251) 433-8181
molsen@thegardnerfirm.com

Charles Johnson (Bar No. 17555)
**SCHOLNICK BIRCH
HALLAM HARSTAD THORNE**
675 East 2100 South, Suite 350
Salt Lake City, Utah 84102
tel: 801.359.4169
fax: 801.359.4313
chad@idahojobjustice.com

*Attorneys for Plaintiff*

Matthew M. Durham (6214)
*durham.matt@dorsey.com*
Andrew T. James (19154) (admitted *pro hac vice*)
*james.andrew@dorsey.com*
**DORSEY & WHITNEY LLP**
111 S. Main St., Suite 2100
Salt Lake City, Utah 84111-2176
Telephone: (801) 933-7360

*Attorneys for Defendant*
*MarketStar QOZ Business, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| MICHAEL GUSTAFSON on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>MARKETSTAR QOZ BUSINESS, LLC;<br><br>Defendant. | **JOINT SETTLEMENT MOTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Civil No.: 1:23-cv-00080-HCN<br><br>District Judge: Howard C. Nielson, Jr. |

4854-1246-8903\7

## JOINT MOTION

Michael Gustafson ("Class Representative" or "Plaintiff"), on behalf of himself and on behalf of the individuals named on Schedule 1 to the Settlement Agreement[1] (the "Settlement Class") on the one hand, and MarketStar QOZ Business, LLC ("MarketStar" or "Defendant") on the other hand, collectively referred to herein as the "Parties," by and through their respective counsel of record, submit this Joint Motion for an Order (1) Preliminarily Approving the Settlement Agreement between the Parties; (2) Approving the Form and Manner of Notice to the Settlement Class; (3) Scheduling a Final Fairness Hearing for the final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion").

In support of this Joint Motion, the Parties submit the following memorandum of law and the exhibits thereto.

## MEMORANDUM OF LAW

The Parties, aided by the Hon. Daphne A. Oberg in the January 23, 2024, Settlement Conference, have reached a fair settlement in this matter. Therefore, Michael Gustafson ("Class Representative" or "Plaintiff"), on behalf of himself and on behalf of the individuals named on Schedule 1 to the Settlement Agreement (the "Settlement Class") on the one hand, and MarketStar QOZ Business, LLC ("MarketStar" or "Defendant") on the other hand, collectively referred to herein as the "Parties," by and through their respective counsel of record, respectfully submit this memorandum of law and attached exhibits in support of their Joint Motion for an Order: (1) Preliminarily Approving the Settlement Agreement between the Parties, attached hereto as Exhibit

---

[1] A copy of the Settlement and Release Agreement dated March 22, 2024, by and between Plaintiff, on behalf of himself and on behalf of the individuals named on Schedule 1 hereto, on the one hand, and MarketStar, on the other hand (the "Settlement Agreement" or "Settlement"), is attached to this Joint Motion as Exhibit A. Unless otherwise defined herein, capitalized terms have the meanings provided in the Settlement Agreement.

A; (2) Approving the Form and Manner of Notice to the Settlement Class; (3) Scheduling a Final Fairness Hearing for the final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion").

## Jurisdiction

1.  This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C § 2104(a)(5). Venue of this proceeding and this Joint Motion is proper in this district pursuant to 29 U.S.C. § 2104(a)(5).

## Background

2.  On or about July 3, 2023, Plaintiff filed a WARN Act class action (the "Lawsuit") against Defendant (the "Complaint"), in which he alleges that Defendant is an "employer" as defined by the WARN Act and that Defendant effected a mass layoff and/or plant closing, as defined in the WARN Act, beginning on or about June 30, 2023 and thereafter. The Complaint further alleges that the Plaintiff and the other similarly situated former employees terminated on or about June 30, 2023 and thereafter worked at or reported to Defendant's facility located in Ogden, UT (the "Facility"), and that these former employees did not receive 60 days' advance written notice of their termination, as required by the WARN Act. Plaintiff asserts the WARN Act claim on behalf himself and on behalf of the other similarly situated former employees pursuant to § 2104(a)(5) of the WARN Act and Rules 23(a) and (b) of the Federal Rules of Civil Procedure.

3.  Defendant filed an Answer to the Complaint (the "Answer," Doc. No. 16) on September 27, 2023, in which the Defendant admitted that Plaintiff was an employee of Defendant and was terminated from his employment on or about July 1, 2023, along with other employees, as a result of the mass layoff and/or plant closing at the Facility. (*Id*. at ¶¶ 6, 24.) Defendant

denied violating the WARN Act and asserted various defenses and affirmative defenses to the WARN claims, including the "faltering company" and "unforeseeable business circumstances" statutory reductions to the WARN Act's 60-day notice requirement.  (*Id*. at "Affirmative Defenses.")  Defendant further contended that it held a good-faith belief, based on the advice of counsel,  that it was acting in compliance with the WARN Act, and as such, any liability or penalty assessed against it under the WARN Act should be reduced, or potentially eliminated.  (*Id*.)

4. Beginning in or about November 2023, the Parties agreed to explore settlement and, in the months following, the Parties exchanged information relating to the claims and defenses in the Lawsuit in furtherance of the Parties' efforts to resolve this matter.

5. On December 8, 2023, the Parties filed a Joint Request for Referral to a Magistrate Judge for a Rule 16-3 Settlement Conference.  (Doc. No. 25.)

6. On December 12, 2023, this matter was referred to Magistrate Judge Daphne A. Oberg to conduct a settlement conference. (Doc. No. 26.)

7. In January 2024, the Parties continued to negotiate and exchange information.

8. On January 8, 2024, the Parties provided their joint settlement submission as well as their respective confidential submissions to Magistrate Judge Oberg, in accordance with the Settlement Conference Order.  (Doc. No. 27.)

9. The Parties had separate, frank confidential communications concerning their respective positions in this matter with Magistrate Judge Oberg in the weeks leading up to the Settlement Conference.

10. On January 23, 2024, the parties attended the Settlement Conference before Magistrate Judge Oberg by Zoom.  As a result of the negotiations at the Settlement Conference and in an attempt to avoid further costly litigation and the uncertainties and risks associated

therewith, the Parties agreed to enter into the Settlement Agreement, which includes certification of a proposed Settlement Class.

## Class Certification

11.     Class certification pursuant to Fed. R. Civ. P. 23 requires that each of the four prerequisites for certification (namely, Fed. R. Civ. P. 23 (a)(1), (2), (3) and (4)) be met and, in addition, that at least one of the conditions set forth in subparts of Fed. R. Civ. P. 23(b) (namely, 23(b)(1)(A), 23(b)(1)(B)(2) <u>or</u> 23(b)(3)) be satisfied.  As noted above, the Parties agree for purposes of the Settlement only that the Lawsuit should be certified as a class action, numbering approximately 264 people who are reflected on Schedule 1 to the Settlement Agreement and who were identified by Defendant as all employees who were terminated, without cause on their part, on or about July 1, 2023, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, the plant shutdown or mass layoff, and who do not file a timely request to opt-out of the class (the "<u>Settlement Class</u>").  The Parties have agreed for the purposes of the Settlement only[2] that all the prerequisites for certification of the proposed Settlement Class are present, as set forth below.

    (a)     **Numerosity**: For purposes of the Settlement only, the Parties agree that the numerosity factor of Fed. R. Civ. P. 23(a)(1) is met because the proposed Settlement Class numbers approximately 264 former employees, making joinder impracticable.

    (b)     **Commonality:** For purposes of the Settlement only, the Parties agree that the commonality factor of Fed. R. Civ. P. 23(a)(2) is met here because

---

[2]     Defendant does not concede that certification is appropriate outside of this Settlement and preserves all rights to oppose certification if, for any reason, the Settlement does not become effective as set forth in this Motion.

common questions of law and fact are applicable to each Settlement Class Member, namely, 1) whether Defendant was excused from the 60-day notice requirement under the WARN Act; and (2) if not, whether Defendant was obligated to pay the class members 60 days' pay and benefits or some lesser amount due to Defendant's good faith belief that it acted in compliance with the requirements of the WARN Act.  In short, the Parties agree for purposes of the Settlement only that the Settlement Class Members' claims raise nearly identical issues regarding the circumstances surrounding their layoffs and, thus, the alleged violations of the WARN Act.

(c) **Typicality**:  For purposes of the Settlement only, the Parties agree that the typicality factor of Fed. R. Civ. P. 23(a)(3) is met here as "the claims . . . of [Plaintiffs who are] the representative parties [are] typical of the claims . . . of the class."  The Class Representative has the same claim based on the same or very similar facts as the other proposed Settlement Class Members.

(d) **Adequacy of Class Representative:**  For purposes of the Settlement only, the Parties agree that the adequacy factor of Fed. R. Civ. P. 23(a)(4) is also met.  The Court should find that the Class Representative and Class Counsel adequately represent the interests of the Settlement Class Members based on the Declaration of Mary E. Olsen (the "Olsen Declaration") attached as Exhibit B hereto.  As demonstrated by the Olsen Declaration, Class Counsel are well qualified and experienced to represent the Settlement Class Members.  Collectively, they have been appointed as class counsel in more than one hundred WARN actions.  Further, as shown in the Olsen

        Declaration, the Class Representative has no conflict of interest with the other proposed Settlement Class Members, and has - and will continue to - diligently prosecute, represent and protect the interests of the proposed Settlement Class.

12. For purposes of the Settlement only, the Parties agree that the proposed Settlement Class also meets the requirements of Fed. R. Civ. P. 23(b)(3). Common questions of law and fact that affect all members of the proposed Settlement Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy for the following reasons:

    (a)    No proposed Settlement Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

    (b)    No other litigation concerning the WARN Act rights of any proposed Settlement Class Member is currently pending to the Parties' knowledge.

    (c)    Concentrating all potential litigation concerning the WARN Act rights of the proposed Settlement Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the Parties, and is the most efficient means of resolving the WARN Act rights of all proposed Settlement Class Members.

    (d)    Administration of this action as a class action will not be complicated or difficult because the names and addresses of the proposed Settlement Class Members have been established from available records unless otherwise instructed by the proposed Settlement Class Member or as updated through the efforts of Class Counsel.

13. For the foregoing reasons, the Parties seek a Court order certifying this case as a class action for settlement purposes only as to the WARN Act claims of the proposed Settlement Class Members, and appointing Lankenau & Miller, LLP, The Gardner Firm, P.C. and Scholnick Birch Hallam Harstad Thorne as class counsel and appointing Michael Gustafson as the Class Representative.

## The Settlement

14. The Plaintiff and Defendant ask the Court to approve the Settlement, for the following reasons:

    (a) The Settlement Agreement reflects the result of arms' length, good-faith negotiations, spanning months.

    (b) The Settlement Agreement fully resolves the Lawsuit and provides fair and reasonable monetary benefits to the Settlement Class Members under the circumstances of this case.

    (c) The Settlement Agreement allows the Parties and the Settlement Class to avoid extensive, costly litigation over the issues in the Complaint.

    (d) The Parties agree to the certification of the Settlement Class.

    (e) Michael Gustafson shall be named as Class Representative and Lankenau & Miller, LLP, The Gardner Firm, P.C. and Scholnick Birch Hallam Harstad Thorne shall serve as Class Counsel.

    (f) Pursuant to the terms of the Settlement Agreement, the Settlement Amount is $402,000 (the "Settlement Amount").

(g) If the Court grants final approval of the Settlement, it will become effective upon the date that the Final Approval Order is entered (the "Effective Date").

(h) Within five (5) business days of the Effective Date, Defendant shall wire the Settlement Amount to the Qualified Settlement Fund, according to instructions supplied by Class Counsel and/or the Settlement Administrator.

(i) Following receipt in the Qualified Settlement Fund of the Settlement Amount, the Settlement Amount shall be distributed as shown on Schedule 1, attached hereto, as follows: (a) the sum of $5,000 to the Class Representative for his services rendered in this action (the "Service Payment"); (b) one-third of the Settlement Amount, net of the one-time Service Payment, shall be paid to Class Counsel as Class Counsel's fees ("Class Counsel's Fees"). In addition, Class Counsel is entitled to be paid from the Settlement Amount for their litigation expenses (including costs associated with the production and mailing of the Class Notice and the fees and expenses of the Settlement Administrator) ("Class Counsel's Expenses")[3]; (c) the balance of the Settlement Amount shall be allocated as shown on Schedule 1, which reflects each Settlement Class Member's share of the Settlement Amount, after the deduction of the Service Payment, Class Counsel's Fees and Class Counsel's Expenses (defined below).

---

[3] Class Counsel's Expenses (which include costs associated with the production and mailing of the Class Notice and the fees and expenses of the Settlement Administrator) are estimated to be approximately $20,000.

(j) Upon approval of the Settlement by the Court on a final basis, combined with MarketStar's payment in full of the Settlement Amount to the Qualified Settlement Fund, each member of the proposed Settlement Class who does not opt-out of the proposed Settlement Class, for and on behalf of themselves, and their respective predecessors, successors assigns, affiliates and subsidiaries (collectively, the "Releasing Parties") do hereby fully and forever release and discharge Defendant, its parents, subsidiaries, and any other affiliated entities, and their respective officers, directors, shareholders, affiliates, agents, employees, partners, members, managers, accountants, attorneys, representatives, and other agents, and all of their respective predecessors (collectively, the "Released Parties") of all claims relating to or arising from the facts as alleged in the Lawsuit, including but not limited to claims based on the WARN Act, or any federal, state or local law or regulation applying to plant closings or mass layoffs (the "Released Claims"). The Released Claims do not include any rights arising out of, provided for, or reserved in this Settlement Agreement.

### The Contents of the Class Notice

15. The Parties submit that the proposed Class Notice, a copy of which is attached hereto as Exhibit C, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B). That rule, in pertinent part, provides as follows:

> The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;

       (iv) that a class member may enter an appearance through an attorney if the member so desires;

       (v) that the court will exclude from the class any member who requests exclusion;

       (vi) the time and manner for requesting exclusion; and

       (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

       16.       The proposed Class Notice satisfies each of the foregoing requirements. The Notice states the nature of the action, the Class claims, and the issues and defenses. The Notice also states that a proposed Settlement Class Member may enter an appearance through counsel and that the Settlement Agreement, when approved, will be binding on all proposed Settlement Class Members. The Notice also sets forth the terms of the proposed Settlement Agreement and the right of each proposed Settlement Class Member to opt-out or object to the proposed Settlement and the time and manner for doing so. The Notice also provides notice to each proposed Settlement Class Member of their individual, projected share of the Settlement Amount. The Notice also apprises the proposed Settlement Class, among other things, that complete information regarding the Settlement Agreement is available upon request from Class Counsel and that any proposed Settlement Class Member may appear and be heard at the hearing on approval of the Settlement Agreement. In addition, the Notice informs the proposed Settlement Class Members of the request for the approval of attorneys' fees and expenses to Class Counsel. See Fed. R. Civ. P. 23(h).

### The Manner of Notice

       17.       As to the manner of giving notice, Fed. R. Civ. P. 23(c)(2)(B) provides, in pertinent part, as follows:

> For any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.

18.     An individual mailing to each class members' last known address has been held to satisfy the "best notice practicable" test.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (individual mailings satisfy Rule 23(c)(2)).  Although no rigid standards govern the contents of notice to class members, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Fager v. CenturyLink Comm'ns, LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016).

19.     The Settlement Agreement provides that Class Counsel, or their designee, will mail the Notice by first class mail, postage prepaid, to the Settlement Class Members at their last known addresses as provided by Defendant to Class Counsel, unless updated through the efforts of Class Counsel or the Settlement Administrator.  The fairness hearing will be timed so that the Settlement Class Members will have not less than thirty-five (35) days from the date of the Notice mailing to ensure that Class Counsel has received their opt-out or objection to the Settlement Agreement.  The Parties submit that giving notice in this manner satisfies the "best notice practicable" test.  In the case of any returned envelopes, Class Counsel or the Settlement Administrator will forward to such corrected addresses to the extent they may be obtained.

### The Court Should Preliminarily Approve the Settlement Agreement Pursuant to Fed. R. Civ. P. 23

17.     After class certification, approval of a class settlement generally requires two hearings: one preliminary approval hearing and one final "fairness" hearing. *See Pliego v. Los Arcos Mexican Rests., Inc.*, 313 F.R.D. 117, 125 (D. Colo. 2016); *see also Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at *4-5 n.1 (S.D.N.Y. June 22, 2007) ("'Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a subsequent 'fairness hearing'….If the court preliminarily approves the

settlement, it then must direct the preparation of notice informing class members of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing.'") (quoting *In re Initial Pub. Offering Sec. Litig.*, No. 01 Civ. 3020, 243 F.R.D. 79, 2007 U.S. Dist. LEXIS 19632, 2007 WL 656880, at *4-5 (S.D.N.Y. Feb. 28, 2007)).

18. "At the preliminary approval stage, the Court makes a preliminary evaluation of the fairness of the proposed settlement and determines whether it has any reason to not notify class members of the proposed settlement or to not hold a fairness hearing." *In re Motor Fuel Temperature Sales Practices Litig.*, MDL No. 1840, Case No. 07-MD-1840-KHV, 2011 U.S. Dist. LEXIS 153292, *77-78 (D. Kan. Sept. 22, 2011). "The preliminary approval decision is not a commitment [to] approve the final settlement; rather, it is a determination that there are no obvious deficiencies and the settlement falls within the range of reason." *Gates v. Rohm and Hass Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008) (quotations and citation omitted). "The Court will ordinarily grant preliminary approval where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Motor Fuel*, 2011 U.S. Dist. LEXIS 153292. at *78 (quotations and citations omitted).

19. The Settlement Agreement has no obvious deficiencies and falls well within the range of reason. Each of the above-cited factors favors preliminary approval of the Settlement Agreement.

20. First, the Settlement is the result of good faith, arm's length negotiations between capable adversaries with the assistance of Magistrate Judge Oberg. Further, the Parties have been in discussions with respect to a potential compromise of the Lawsuit since November and

both Parties are represented by counsel with extensive experience and expertise in employment and class action matters. Class Counsel believes that the Settlement Class Members will react positively to the Settlement and not object to it.

21. Second, the Parties fully explored the claims and defenses through informal disclosure. This included the voluntary exchange of documents and information by Defendant to Plaintiff related to the claims and Defendant's defenses and affirmative defenses.

22. Third, the incentive payment agreed to here is fair and reasonable. Plaintiff was the sole former employee willing to step forward on behalf of his former co-workers in this litigation. Thus, without the efforts of Plaintiff, the former employees included within the Settlement Class would have received no settlement payments for alleged WARN violations. As a result of Plaintiff's persistence and actions, the average Settlement Class Member's projected share of the Settlement Amount, after attorneys' fees and projected costs, is approximately $926. In this case, as demonstrated by the Olsen Declaration, the Class Representative performed important services for the benefit of the Class by commencing the litigation and willingly assisting counsel throughout the litigation since its inception, including at the Settlement Conference. The amount of the Service Payment here (which, at $5,000, is approximately 1% of the Settlement Amount) is also consistent and on scale with amounts awarded in WARN class actions and other class matters in courts across the country. *See, e.g., Owens v. Carrier Corp.*, 2:08-CV-2331-SHM-tmp (W.D. Tenn. 2008)(court-approved Settlement, which included service payments for two class representatives in the amount of $10,000 each; service payments were approximately 1% of common fund. Order Finally Approving Settlement dated July 15, 2010); *D'Amico v. Tweeter OPCO, LLC*, Adv. Pro. No. 08-51800 (Del. Bankr. 2008) (service payments were approximately 3% of common fund); *Kettell v. Bill Heard Enterprises, Inc.*, Adv. Pro. No. 08-80153 (N.D. Ala.

4854-1246-8903\7

Bankr. 2008) (court-approved service payments for two class representatives in the amount of $10,000 each; service payments were approximately 1% of common fund); *Kohlstadt v. Solyndra*, Adv. Pro. No. 11-53155 (Del. Bankr. 2011) (class representatives received $7,500 and $12,500, respectively, as service payments, which were approximately .6% of common fund); *Capizzi, v. AWTR Liquidation Inc.*, Adv. Pro. No. 2:13-ap-01209-NB (C.D. Cal. Bankr. 2013) (class representatives received $10,000 each as service payments, which were approximately 2% of the common fund).

23. Finally, Class Counsel have collectively been appointed as class counsel in over one hundred WARN Act cases. Class Counsel has the experience and skill to both vigorously litigate WARN Act claims and to determine when and to what extent settlement is appropriate. They have exercised that judgment in this case with respect to the Settlement Agreement.

24. Accordingly, the Court should preliminarily approve the Settlement Agreement.

### The Court Should Finally Approve the Settlement As Fair, Reasonable And Adequate To The Settlement Class At The Fairness Hearing Pursuant To Fed. R. Civ. P. 23

25. Final approval of a settlement pursuant to Civil Rule 23(e) turns on whether the settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2); *see also In re King Resources Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976) ("Within judicial discretion, the well-settled rule is that a settlement should be approved if it is fair, reasonable and adequate.").

26. In the Tenth Circuit, four factors are considered when evaluating the fairness, reasonableness, and adequacy of a settlement. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *see also Fager*, 854 F.3d at 1174. These factors are: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in serious doubt;

15

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation, and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter*, 314 F.3d at 1188; *see also Weinman v. Fid. Cap. Appreciation Fund* (*In re Integra Realty Res., Inc.*), 354 F.3d 1246, 1266 (10th Cir. 2004).

27. As shown herein, the *Rutter* factors set forth above support approval of the Settlement.

28. The Settlement Agreement was reached after informal disclosures as well as extensive arm's-length negotiations and a Settlement Conference, where the Parties appeared and were all represented by experienced and capable counsel.

29. The Defendant has potentially viable affirmative defenses to the Lawsuit as well as its asserted "good faith" mitigation defense. Defendant contends it had a good-faith belief, based on the advice of counsel, that it was acting in compliance with the WARN Act, and as such, that any liability or penalty assessed against it under the WARN Act should be reduced or

potentially eliminated. Defendant even waived the attorney-client privilege with regard to such communications.

30. Continued litigation of the WARN Action will be protracted and expensive—Class Members will benefit from payment in the near-term, and the Defendant will benefit from conserving the litigation expenses that would otherwise be expended on the Lawsuit.

31. All Parties believe the Settlement Agreement represents a fair and reasonable resolution of the WARN Action and is in the best interest of the Parties. The swift resolution of the claims, prompt payments to the Settlement Class Members, elimination of risk and conservation of the Court's and the Parties' time and resources are all benefits of this Settlement.

32. Accordingly, the Parties respectfully request the Court to schedule a hearing for the final consideration and approval of the Settlement Agreement to be held approximately sixty (60) days following preliminary approval of the Settlement, subject to the Court's calendar. At the Fairness Hearing, the Parties submit that the Court should finally approve the Settlement for all of the reasons set forth herein.

WHEREFORE, the Parties respectfully request that the Court enter the proposed Form of Order, attached hereto as <u>Exhibit D</u>, (1) preliminarily approving the Settlement Agreement between the Parties; (2) approving the form and manner of Notice to Class and the right to opt-out or object to the proposed Settlement Agreement; and (3) scheduling a Fairness Hearing for the final consideration and approval of the Settlement Agreement and, ultimately, the proposed Form of Final Approval Order, attached hereto as <u>Exhibit E</u>, finally approving the Settlement Agreement.

Respectfully submitted this 22nd day of March, 2024.

                                                              /s/    **Mary E. Olsen**
                                                              THE GARDNER FIRM, PC

Mary E. Olsen (OLSEM4818) (phv granted)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th Floor
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

Charles Johnson (Bar No. 17555)
SCHOLNICK BIRCH
HALLAM HARSTAD THORNE
675 East 2100 South, Suite 350
Salt Lake City, Utah 84102
tel: 801.359.4169
fax: 801.359.4313
chad@idahojobjustice.com

*Attorneys For The Class Representative And The Settlement Class*

*And*

*/s/    Andrew T. James*
Matthew M. Durham (6214)
*durham.matt@dorsey.com*
Andrew T. James (19154) (admitted *pro hac vice*)
*james.andrew@dorsey.com*
**DORSEY & WHITNEY LLP**
111 S. Main St., Suite 2100
Salt Lake City, Utah 84111-2176
Telephone: (801) 933-7360

*Attorneys for Defendant*
*MarketStar QOZ Business, LLC*

18

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of March, 2024, I filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to all counsel of record using the CM/ECF system.

                                                              s/ Mary E. Olsen_____